FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 16 2014

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| LESLIE ANN FALLEN, AS ADMINISTRATRIX OF THE ESTATE OF HAYDEN DANIEL FALLEN, DECEASED, AND SURVIVORS | | PLAINTIFF |
| v. | CASE NO.: 4:13-CV-00387 SWW | |
| KUBOTA TRACTOR CORPORATION | | DEFENDANT |

### STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS

WHEREAS, Plaintiff, Leslie Fallen, as Administratrix of the Estate of Hayden Daniel Fallen, by and through her attorneys, have requested Defendant, Kubota Tractor Corporation ("Kubota") and, to make available for inspection and/or copying documents and various materials, including, but not limited to, materials regarding the design, testing, manufacture, and marketing of the Kubota Tractor Model No.: L2800 ("Product"); and

WHEREAS, Kubota contends that some of these documents, information and other materials, including materials regarding the design, testing manufacturing, and marketing of the Product are in whole or in part proprietary information, confidential business records, and/or trade secrets, all of which is "competitively sensitive date" as hereinafter defined; and

WHEREAS, Kubota requires that the confidentiality of the documents and/or materials, and the information contained in the documents and materials, as well as the confidentiality of the fact of the existence of the documents and materials and their description and identity, be maintained; and

WHEREAS, Plaintiff and her attorneys have agreed to comply with the letter and intent of said confidentiality;

4839-0090-4983.1

IT IS HEREBY STIPULATED THAT:

1. At such time as Kubota delivers to Plaintiff and her attorneys any documents or materials by way of discovery in this case, or divulges any documents or materials or any information contained therein, Kubota shall designate as "confidential" any such documents, materials or information it claims constitutes or contains trade secrets or confidential business information.

2. Plaintiff and/or her attorneys shall not give, show or otherwise directly or indirectly disclose any such confidential documents, materials or information produced by Kubota in this action, or the substance thereof, or the existence thereof, to any entity or person except by Plaintiff or her attorneys in connection with and solely for this action.

3. Any and all of Plaintiff's experts, consultants and/or counsel associated in this litigation and any other individuals who have access to confidential documents and/or materials and/or information subject to this Stipulation and Protective Order, or to the substance thereof, or to any copies, prints, negatives or summaries thereof, shall be presented with a copy of this Stipulation and Protective Order and shall execute a copy of this Stipulation and Protective Order, and shall agree to be bound by its terms and conditions. Those experts, consultants, counsel, and other individuals shall not give, show or otherwise directly or indirectly disclose any of the confidential documents or materials or information subject to this Stipulation and Protective Order, or the substance thereof, or the existence thereof, or any copies, prints, negatives, or summaries thereof, to any entity or person, except as may be necessary in preparing to render, or rendering, expert advice or assistance in this lawsuit only.

4. At the conclusion of the work of such experts, consultants, counsel or other persons as described in Paragraph 3 herein, all confidential documents and materials and all

copies, prints, negatives, and summaries thereof shall be returned to the attorneys who retained the expert or consultant or otherwise provided access to the confidential documents and/or materials and/or information. At the time of such re-delivery, an Affidavit in the form of **Exhibit A** attached hereto shall be executed by such experts, consultants, counsel and/or other persons who have had access to the confidential documents and/or materials and/or information, who shall attest that they have complied with the provisions of this Stipulation and Protective Order. Such Affidavit shall be returned to the attorneys who provided access to the confidential documents and/or materials and/or information and be maintained by them. Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the dismissal of the action or conclusion of any settlement, Plaintiff's attorneys shall provide to counsel for Kubota all competitively sensitive data produced under the terms of this Stipulation and Protective Order. Plaintiff's attorneys shall further provide to counsel for Kubota at such time of re-delivery an Affidavit in the form of **Exhibit A** attached hereto representing compliance, as outlined herein, with the terms of this Stipulation and Protective Order and all Affidavits received by Plaintiff's counsel pursuant to this paragraph as well as a copy of all executed Stipulations and Protective Orders executed by any consultant or testifying expert that had access to the confidential information.

    5.    The parties to this action and her attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, and privilege, are reserved; and all questions of admissibility may be asserted at the time of trial of any action in which such confidential documents and/or materials are used or proffered should any such party deem it proper.

6. Confidential documents and materials, as those terms are used herein, mean information, including confidential and proprietary information, about Kubota's business, Product, practices or procedures that, in the ordinary course of business, is not voluntarily disclosed to the public or to third persons or entities who do not gave a need to know. Documents or materials that concerns, reflect, embody or constitute the foregoing may include, but shall not be limited to, correspondence, memoranda, notes, plans, specification, blueprints, drawings, test reports, test procedures, test manuals, photographs, motion pictures, accident reports, claims, videotapes, graphs, charts, financial and budget information, and deposition or trial transcripts and exhibits thereto. Confidential documents and materials shall be so designated by prominent markings place on each document or item at or before the time the document or item is divulged or produced for inspection. If Plaintiff or her attorneys require more than one copy of any confidential document or material produced pursuant to this Stipulation and Protective Order, they must ensure that each copy is made with the original red marking designating the confidentiality of the document and/or material and the information contained therein. Plaintiff and her attorneys shall limit the number of copies to that which is absolutely necessary to prepare Plaintiff's cases adequately and shall ensure that copies are returned to Plaintiff's attorneys and that unnecessary copies are destroyed. Any and all copies shall be treated in accordance with the terms of this Stipulation and Protective Order.

7. Plaintiff and/or her counsel shall have the right to contest any "confidential" designation made by Kubota. Plaintiff and/or her counsel may object to the designation of particular information as confidential material by notifying the producing party's counsel, by identifying each of the documents or the information that they believe to be exempt, and by specifying in detail the reason(s) why they believe each of the documents or information is

4

exempt. Within ten (10) days of the producing party's receiving the objection and identification, the parties will confer and attempt to resolve whether the document or information should be subject to the protection of this Stipulation and Protective Order. If the parties cannot agree, the producing party shall file a Motion with the Court for a ruling whether the confidential material to which an objection has been made shall be treated as confidential. Kubota shall bear the burden of establishing that the information or document should be afforded confidential status. If the producing party fails to make a Motion within twenty (20) days after the parties cannot agree on the status of the information, the document or information will lose its confidential protection. Any document or information that is submitted to counsel or this Court pursuant to this Paragraph shall be treated as confidential material until the status of the document or information is resolved.

8. No party hereto shall be bound by this Stipulation as to any information that it possessed prior to this action, unless the information was obtained from the other party under circumstances requiring the first party to treat it as confidential.

9. Any party claiming that information designated by the other party as confidential has been in the possession of such first party or has been in the possession of the public prior to disclosure of such information in discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information.

10. This Stipulation shall be without prejudice to the rights of the parties in any other action and applies solely to the above-captioned action.

11. By this Stipulation the parties do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by either party.

4839-0090-4983.1

12. Any confidential documents or materials attached as an exhibit to any deposition taken in this action, and any deposition testimony containing information from confidential documents and materials, and any papers filed with the Court in this action, which include or summarize any deposition transcripts, testimony or exhibits containing confidential information, as described herein, shall be sealed and protected from disclosure pursuant to this Stipulation and Protective Order; and, after the conclusion of this litigation, whether by judgment or settlement or by any other means of dispute resolution, neither Plaintiff nor her attorneys nor any other party hereto shall attach the proprietary of the sealing or protection of such confidential documents and materials or any deposition, exhibits or papers filed with the Court. The use of such confidential information during deposition in this action does not waive the terms of this Stipulation and Protective Order.

13. Any confidential documents and materials produced during discovery and/or offered and/or admitted into evidence during pre-trial proceedings, trial or post-trial proceedings, and any testimony relating to such confidential documents and materials, and any papers filed with the Court in this action, which attach, include or summarize any such confidential information, shall be sealed and protected from disclosure pursuant to this Stipulation and Protective Order; and, after the conclusion of this litigation, whether by judgment or settlement or by any other means of dispute resolution, neither Plaintiff nor her attorneys nor any other party hereto shall attack the propriety of the sealing or protection of such confidential documents and materials or evidence. Such productions and/or offerings and/or admission into evidence do not waive the terms of this Stipulation and Protective Order.

14. The terms of this Stipulation and Protective Order shall remain fully active until released by written consent of Kubota. The Court shall retain jurisdiction over the parties, this

Stipulation and Protective Order, and recipients of confidential documents and materials, for the sole purpose of enforcing this Stipulation and Protective Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this Stipulation and protective Order shall continue to be binding as to the confidential documents and materials produced pursuant to it.

IT IS SO STIPULATED.

DATED: _____Jan. 14_____, 2014.

_____
J.R. Carroll
Kutak Rock, LLP
234 East Millsap Road, Suite 400
Fayetteville, AR 72703-4099
**Counsel for Defendant, Kubota Tractor Corporation**

DATED: _____Jan. 13_____, 2014.

_____
Bruce McMath
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201
**Counsel for Plaintiff, Leslie Ann Fallen, as Administratrix of the Estate of Hayden Daniel Fallen, Deceased, and Survivors**

7

**IT IS SO ORDERED.**

Dated this 16th day of January, 2014.

                                                      Judge Susan Weber Wright

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| LESLIE ANN FALLEN, AS ADMINISTRATRIX OF THE ESTATE OF HAYDEN DANIEL FALLEN, DECEASED, AND SURVIVORS | PLAINTIFF |
| v.   CASE NO.: 4:13-CV-387 SWW | |
| KUBOTA TRACTOR CORPORATION | DEFENDANT |

**AFFIDAVIT REGARDING DOCUMENTS PROVIDED PURSUANT TO STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS**

I, _____, being duly sworn, upon my oath, depose and say:

1. I have been provided copies of, or access to, confidential documents, materials, and information that are subject to a Stipulation and Protective Order Regarding Confidentiality of Documents and Materials ("Stipulation and Protective Order") in the above-captioned action (hereinafter " Confidential Data").

2. I have read and complied with all of the provision of the Stipulation and Protective Order entered into this action regarding the Confidential Data.

3. In formulating my opinions or in preparing for and/or assisting in the trial of the above-captioned action, I have provided the following individuals copies of, or access to, the Confidential Data at the address stated:

_____

4. The individuals listed in Paragraph 3 are the only individuals to whom I provided copies of, or access to, the Confidential Data.

4812-9519-4135.1



5.  Before providing copies of, or access to, the Confidential Data to the individuals listed in Paragraph 3, I required that said individuals read a copy of the Stipulation and Protective Order in this action.

6.  The individuals listed in Paragraph 3 have executed Affidavits stating that they have complied with the terms of the Stipulation and Protective Order and have returned all copies of Confidential Data and a copy of each such Affidavit is attached hereto.

7.  I have made no copies of the Confidential Data provided pursuant to the Stipulation and Protective Order, other than those that have been returned to Plaintiffs' counsel.

8.  With the Affidavit, I have returned all copies of confidential documents and materials provided to me in the above-captioned action pursuant to the Stipulation and Protective Order and have returned all Affidavits of those individuals to whom I provided copies of, or access to, the Confidential Data.

9.  After submitting this Affidavit and the attached Affidavit(s) Regarding Confidential Data and all copies of confidential documents and materials to Plaintiffs' counsel, pursuant to the requirements set forth in the Stipulation and Protective Order, I will not have any copies of the Confidential Data.

10. I have otherwise complied with all of the terms of the Stipulation and Protective Order covering confidential documents and materials produced in the above-captioned action.

4812-9519-4135.1

3

_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2014.

_____
Notary Public

My Commission Expires on:

_____