IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| LESLIE ANN FALLEN, AS ADMINISTRATRIX OF THE ESTATE OF HAYDEN DANIEL FALLEN, DECEASED, AND SURVIVORS, | * * * * * * | |
| Plaintiff, | * | |
| vs. | * * * | No. 4:13-cv-00387-SWW |
| KUBOTA TRACTOR CORPORATION, | * * * | |
| Defendant. | * * * | |
| TONY FALLEN, | * * | |
| Third-Party Defendant | * | |

ORDER

Plaintiff Leslie Ann Fallen, as administratrix of the estate of her deceased son, Hayden Daniel Fallen, brings this wrongful death products liability action against Kubota Tractor Corporation (Kubota), seeking damages for the death of Hayden when a new Kubota tractor owned by third-party defendant, Tony Fallen, allegedly ran away from him on a grade behind his house causing Hayden, his grandson, to be tossed from the bucket of the tractor where he was riding leading to fatal injuries.  Kubota has filed an answer to plaintiff's complaint and has also filed a third-party complaint against Tony Fallen.

Before the Court is a motion [doc.#20] of plaintiff to dismiss this action without prejudice.  Kubota has responded in opposition to plaintiff's motion and plaintiff has filed a

reply to Kubota's response. Having considered the matter, the Court grants plaintiff's motion to dismiss without prejudice.

Under Fed.R.Civ.P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Such a dismissal, after answer, should be granted only if no other party will be prejudiced. *Kern v. TXO Production Corp.,* 738 F.2d 968, 970 (8th Cir.1984). The prejudice that will defeat a motion to dismiss must be more than merely having to defend another action by the plaintiff. *Id.* In determining whether to grant a plaintiff's motion for voluntary dismissal, a district court should consider the following factors: (1) whether the plaintiff has presented a proper explanation for the need to dismiss; (2) whether the defendant has expended considerable effort and expense in preparing for trial; (3) whether the plaintiff exhibited "excessive delay and lack of diligence" in prosecuting the action; and (4) whether the defendant has filed a motion for summary judgment. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). The Court also considers "whether a dismissal would result in a waste of judicial time and effort." *Hamm v. Rhone–Poulenc Rorer Pharmaceuticals, Inc.,* 187 F.3d 941, 950 (8th Cir. 1999).

The Court has considered the above factors and finds no sufficient reason to deny plaintiff's motion to dismiss without prejudice. Plaintiff states she recently learned that at least one Kubota dealer selling tractors with front end loaders advises the customers of the need to ballast the tractor with water in the rear tires, a service offered by the dealer, and that it has become apparent that it is necessary to bring the Kubota dealer, a non-diverse party, into this action on negligence, failure to warn, and failure to instruct regarding the need to rebalance the tractor when equipped with a front end loader. Kubota states that plaintiff does not contend that

she would be precluded from pursuing relief against the dealer in a parallel state proceeding, but plaintiff correctly notes that parallel actions in state and federal court adjudicating the same claim raises complications concerning, *inter alia*, apportionment of fault and that "[f]ar from occasioning unnecessary expense, the non-suit and refiling in a single action in state court is by far the most efficient and cost effective means to resolve this case." The Court finds that plaintiff has advanced a proper explanation for the need to dismiss and notes that this action is far from ready for trial–discovery is still ongoing and likely will have to be extended and the fall trial date also will likely have to be continued. It does not appear that any trial preparation to date would be wasted by a non-suit and refiling in state court and no excessive delay and lack of diligence on plaintiff's part has been demonstrated. In addition, no motion for summary judgment has been filed. Accordingly, the Court will grant plaintiff's motion to dismiss without prejudice but will require that plaintiff reimburse Kubota for the costs of its filing fee for the third-party complaint together with any service costs should the action be refiled in state court.

IT IS THEREFORE ORDERED that plaintiff's motion [doc.#20] to dismiss this action without prejudice be and it hereby is granted. Plaintiff is ordered to reimburse Kubota for the costs of its filing fee for the third-party complaint together with any service costs should the action be refiled in state court.

Dated this 7th day of April 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE